UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Tim Mackey and John Nesse as Trustees of the Minnesota Laborers Pension Fund, James Brady and Martha Henrickson as Trustees of the Minnesota Laborers Vacation Fund, Gary Reed and John Bartz as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dan Olson and Chris Born as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, and the Funds themselves,<br><br>      Plaintiffs,<br><br>vs.<br><br>Kevitt Excavating, LLC,<br><br>      Defendant. | Case No. _____<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

    1.    Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

1

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Kevitt Excavating, LLC ("Kevitt Excavating") is a Minnesota business corporation with a registered address of 3335 Pennsylvania Avenue North, Crystal Minnesota, 55427.  Kevitt Excavating is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege incorporate by reference paragraphs 1-5 herein.

7. Kevitt Excavating accepted and agreed to be bound to the terms of a of collective bargaining agreement negotiated between the Highway, Railroad, and Heavy

Construction Division of Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of May 2, 2011 through April 30, 2014 ("Collective Bargaining Agreement").

8.  Kevitt Excavating continues to be, bound to the Collective Bargaining Agreement through at least April 30, 2015.

9.  The Collective Bargaining Agreement provides that Kevitt Excavating is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10. The Collective Bargaining Agreement requires Kevitt Excavating to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement requires Kevitt Excavating to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Kevitt Excavating's monthly payment to the Funds.

12. The Collective Bargaining Agreement states that Kevitt Excavating shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The Collective Bargaining Agreement requires Kevitt Excavating to promptly furnish to the Trustees of the Funds or their authorized agents on demand, a complete set of all relevant employment and payroll records, including but not limited to federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or such similar state-required quarterly reports, time cards, payroll and check registers.

14. The Collective Bargaining Agreement further requires Kevitt Excavating to promptly furnish to the Trustees of the Funds or their authorized agents on demand any other relevant information that may be required in connection with the administration of the Funds.

15. The Collective Bargaining Agreement states that if Kevitt Excavating fails or refuse to furnish any of its records to the Trustees of the Funds or their authorized agents upon demand or refuses to afford the Trustees of the Funds or their authorized agents reasonable opportunity to examine the same in accordance with standard auditing procedures, the Trustees of the Fund may enforce such right by legal action, in which event all attorney fees, services fees, filing fees, court reporter fees, and other legal costs and disbursements, as well as the auditing fees and costs incurred in conducting the audit shall be paid by Kevitt Excavating.

16. The Collective Bargaining Agreement requires Kevitt Excavating to maintain adequate records to identify the type of work being performed by employees to allow the Funds to determine whether Kevitt Excavating is accurately reporting hours to the Funds.  If Kevitt Excavating fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Kevitt

Excavating is liable for all of the hours worked by that individual for whom Kevitt Excavating is unable to produce satisfactory records verifying the type of work being performed by that individual.

17. The Collective Bargaining Agreement states that if Kevitt Excavating becomes delinquent, Kevitt Excavating shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

18. The Collective Bargaining Agreement states that if Kevitt Excavating becomes delinquent, Kevitt Excavating shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

19. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## COUNT I
### BREACH OF CONTRACT/AUDIT AMOUNT DUE

20. The Funds re-allege and incorporate by reference paragraphs 1-19 herein.

21. The Funds' authorized agent requested that Kevitt Excavating produce a complete set of its payroll and employment records for the period of January 1, 2012 through December 31, 2013 ("Audit Period").

22. Kevitt Excavating produced its payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by

Kevitt Excavating's employees covered by the Collective Bargaining Agreement for which Kevitt Excavating did not submit contributions to the Funds.

23. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $12,548.76 is due and owing for delinquent contributions.

24. Kevitt Excavating breached the terms of the Collective Bargaining Agreement by failing to pay the amounts due for delinquent contributions for the Audit Period.

## COUNT II
## ERISA DAMAGES

25. The Funds re-allege and incorporate by reference paragraphs 1-24 herein.

26. Kevitt Excavating is liable to the Funds for liquidated damages in the amount of $1,254.88 for the Audit Period pursuant to the Collective Bargaining Agreement.

27. The Funds are entitled to liquidated damages or double interest charges under ERISA § 502(g), 29 U.S.C. § 1132(g).

28. Kevitt Excavating is liable to the Funds for all attorneys' fees, service fees, filing fees, court reported fees, and other legal costs and disbursements incurred by the Funds in this action pursuant to the Collective Bargaining Agreement.

29. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

30. Kevitt Excavating is liable to the Funds for interest charges the unpaid contributions for the Audit Period pursuant to the Collective Bargaining Agreement.

31. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Kevitt Excavating, LLC as follows:

1. For judgment against the Defendants and in favor of the Plaintiffs in the amount of $12,548.76 for delinquent contributions due and owing for the Audit Period.

2. For an award of liquidated damages or double interest charges.

3. For an award of interest charges on all unpaid contributions.

4. For an award of costs, disbursements and attorneys' fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date:  August 28, 2014              MCGRANN SHEA CARNIVAL
                                    STRAUGHN & LAMB, CHARTERED


                                    By:  s/ Amy L. Court
                                         Carl S. Wosmek #300731
                                         Amy L. Court #319004
                                         800 Nicollet Mall, Suite 2600
                                         Minneapolis, MN 55402
                                         Telephone: (612) 338-2525

                                    *Attorney for Plaintiffs*

760066.DOCX